UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**FRANCIS L. SCOTT,**

        Petitioner,

v.                                               Case No:  6:16-cv-1842-Orl-37DCI

**SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS
and ATTORNEY GENERAL, STATE
OF FLORIDA,**

        Respondents.
_____/

## ORDER

This cause is before the Court on initial review of the Amended Petition for Writ of Habeas Corpus ("Amended Petition," Doc. 5) filed by Petitioner pursuant to 28 U.S.C. § 2254.  For the reasons set forth herein, the Petition is dismissed as a successive petition pursuant to 28 U.S.C. section 2244(b).

### I.   DISCUSSION

The Court previously denied Petitioner's request for habeas corpus relief under section 2254 with respect to the same convictions/sentences being challenged in the Amended Petition:  Case No. 6:10-cv-907-Orl-31DAB, which was dismissed with prejudice on October 4, 2011. Thus, the Amended Petition is a second or successive application.

Pursuant to 28 U.S.C. section 2244(b)(3)(A), the Court cannot consider a second or successive habeas petition until a panel of the Eleventh Circuit Court of Appeals has authorized its filing. There is no indication that Petitioner applied for and was granted

leave to file a second or successive habeas corpus petition by the Eleventh Circuit Court of Appeals. Before Petitioner will be permitted to file a second or successive habeas corpus application in this Court, he must move in the Eleventh Circuit Court of Appeals for an order authorizing this Court to consider the application. *See* 28 U.S.C. § 2244(b)(3)(A).

As a result, under the requirements set forth in section 2244(b), the Petition, which is successive, cannot be entertained by this Court, and it will be dismissed without prejudice to allow Petitioner the opportunity to seek authorization from the Eleventh Circuit Court of Appeals.[1]

Petitioner should be aware that section 2244(b)(2) limits the circumstances under which the Court of Appeals will authorize the filing of a second or successive habeas corpus petition. Furthermore, section 2244(d) imposes a time limitation on the filing of a habeas corpus petition.

## II.   CERTIFICATE OF APPEALABILITY

This Court should grant an application for a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v.*

---

[1] Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts allows for summary dismissal of a habeas petition that plainly reveals that relief is not warranted.

*Sec'y, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). However, the petitioner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner fails to demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Moreover, Petitioner cannot show that jurists of reason would find this Court's procedural rulings debatable. Petitioner fails to make a substantial showing of the denial of a constitutional right. Thus, the Court will deny Petitioner a certificate of appealability.

### III. CONCLUSION

Accordingly, it is now **ORDERED AND ADJUDGED** as follows:

1. This case is **DISMISSED without prejudice**.

2. The Clerk of the Court is directed to enter judgment in favor of Respondents and to close this case.

3. The Clerk of the Court also is directed to send Petitioner an "Application for Leave to File a Second or Successive Habeas Corpus Petition 28 U.S.C. § 2244(b) By a Prisoner in State Custody" form.

4. Petitioner is **DENIED** a certificate of appealability in this case.

5. All pending motions are **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on November 16th, 2016.



ROY B. DALTON JR.
United States District Judge

3

Copies furnished to:

Unrepresented Party
OrlP-2 11/16